**In re the Marriage of Charlene A. BODMER, f.k.a. Charlene A. Pattie, Petitioner, Appellant,**

v.

**James P. PATTIE, Respondent.**

**No. C2–85–1752.**

Court of Appeals of Minnesota.

March 4, 1986.

Edward M. Christian, Minneapolis, for petitioner, appellant.

Rebecca H. Frederick, Minneapolis, for respondent.

Heard, considered, and decided by FORS-BERG, P.J., and LANSING and RAN-DALL, JJ.

## OPINION

RANDALL, Judge.

Charlene A. Bodmer (formerly Pattie) appeals from an amended judgment and decree, entered June 27, 1985. The trial court denied her motion for an increase in child support to the guideline's level. Since the parties' divorce in 1981, respondent's gross income has increased approximately 60%. The court found this increase to be substantial, but found that appellant had not met her burden of proof by showing increased expenses since entry of the decree. The court increased child support to an amount below the guidelines.

## FACTS

This is an appeal from a modification in child support. The parties were married in 1962 and divorced in 1981. At that time they had two minor children, one of which is now emancipated.

Respondent is a pilot for Northwest Airlines, Inc. His income at the time of the dissolution was $74,960 per year. His gross income when appellant filed her modification motion in 1984 was $119,214 per year.

Appellant's annual gross earnings, exclusive of maintenance, were $4,412 at the time of the judgment and decree. The court found appellant's 1984 gross annual income to be $10,560.

Appellant remarried in 1984. Her new spouse earned $41,300 in 1984. The court found her current monthly expenses to be $1,529 and found that her spouse contributes $550 toward these expenses.

In its modification order, the court made no finding of respondent's current monthly net income, but found his current gross income to have increased 60% from the time of the judgment and decree. It ordered an increase in child support from $300 to $480 per month, a 60% increase. The trial court found the increase in respondent's income to be substantial, requiring modification under the guidelines.

The court also found appellant had not carried the necessary burden of proof for an increase in child support, ruling "there has been no proof from petitioner establishing a substantial increase in expenses." The basis for this conclusion is the court's finding of fact that appellant did not submit her 1981 expenses into evidence:

> There is nothing in the file nor in the moving papers which indicates what the expenses of the petitioner were in 1981, at the time of the dissolution, so the Court is unable to make a determination as to whether or not there has been a substantial increase in said expenses.

## ISSUE

Did the trial court err in failing to order child support in accordance with the guidelines once it determined respondent had experienced a substantial increase in his income?

## ANALYSIS

The trial court's conclusions of law in the amended judgment and decree state:

1. That there has been a substantial increase in income of the respondent, requiring modification of his support payments pursuant to Minnesota Statutes, Section 518.64, subd. 2(1).

2. That there has been no proof from petitioner establishing a substantial increase in expenses.

Appellant claims that once the trial court found a substantial increase in respondent's income warranting a modification in child support, the trial court erred in failing to apply the guidelines contained in Minn. Stat. § 518.551, subd. 5 (1984). Appellant argues the court failed to consider a substantial decrease in her income of $750 per month, caused by the emancipation of one child, and the resulting decrease in child support, and by cessation of maintenance on her remarriage.

Respondent claims that, although the trial court found changed circumstances, it properly justified a downward deviation from the guidelines because appellant now has only one child remaining at home, appellant's total gross income increased from $4,412 in 1981 to $10,560 in 1984, appellant's new spouse has an annual income of $41,300, appellant failed to submit evidence showing her 1981 expenses, and appellant failed to prove a substantial increase in expenses.

This court will not reverse a trial court's modification of child support absent an abuse of discretion. *Johnson v. Johnson,* 304 Minn. 583, 232 N.W.2d 204 (1975) cited in *Vitalis v. Vitalis,* 363 N.W.2d 57, 59 (Minn.Ct.App.1985).

Our review of child support modifications is governed by Minn.Stat. § 518.-64, subd. 2 (1984), which contains a two-prong test to be applied by the court when a party moves to modify child support:

> The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance * * *; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair. On a

motion for modification of support, the court shall take into consideration the needs of the children and the financial circumstances of each party's spouse, if any.

The custodial parent need show the presence of only one of the four factors in Minn.Stat. § 518.64, subd. 2 to satisfy the first element of the test. A substantial increase in the non-custodial parent's income, alone, may be sufficient to warrant an increase in child support *if* the second criteria is met. *Vitalis v. Vitalis,* 363 N.W.2d 57, 59 (Minn.Ct.App.1985). Under Minn.Stat. § 518.64, subd. 2, the second element which must be shown in order to modify child support, is that the changed circumstances now make the original decree unreasonable and unfair. *Derence v. Derence,* 363 N.W.2d 86, 88 (Minn.Ct.App. 1985). The trial judge apparently believed that, in addition to showing a substantial increase in respondent's income, petitioner had to show an increase in expenses. The court denied appellant's motion, concluding that appellant had failed to meet her burden of proof that her expenses had increased. This was incorrect.

■ Once the court found a substantial change in circumstances, i.e., appellant's increased income, based on the evidence presented, the court should have made a finding on whether that changed circumstance rendered the terms of the original decree unreasonable and unfair. Failure to make this finding requires a remand. *See* Minn.Stat. § 518.64, subd. 2.

■ If, on remand, the trial court finds the terms of the original decree reasonable and fair in light of the evidence presented, the court may properly deny appellant's motion for increased child support. Should the court determine that, with respondent's increased net income, the original terms are now unreasonable and unfair, the court must either apply the child support guidelines level or justify deviation from the guidelines by making appropriate findings. Minn.Stat. § 518.17, subd. 5; *Hadrava v. Hadrava,* 357 N.W.2d 376, 379 (Minn.Ct.App.1984).

■ Respondent suggests that the trial court properly deviated downward from the guidelines. We do not agree. The court did not expressly state that it was making a downward deviation, nor did it comply with Minn.Stat. § 518.17, subds. 4 and 5 for downward deviation.

■ We remand this matter to the trial court to make a finding on respondent's net income and to determine whether the changed circumstances have rendered the original decree unreasonable and unfair. The court's sole conclusion that appellant failed to meet her burden of proof on increased expenses does not satisfy the requirements of 518.64, subd. 2. Moreover, the court on remand cannot calculate child support without making a finding on respondent's net income. *See* Minn.Stat. § 518.551, subd. 5.

■ Finally, we note that the trial court did not give reasons for setting support at $480. Appellant notes the percentage increase of the new child support amount over the decree amount is 60%, the same percentage by which respondent's gross income increased. A percentage increase computed in this manner is erroneous in two respects. First, child support is based on net, not gross income. Minn.Stat. § 518.551, subd. 5. Second, *Kluge v. Kluge,* 358 N.W.2d 485 (Minn.Ct.App.1984) holds this method of determining child support modification improper.

## DECISION

The trial court erred in failing to make findings on whether respondent's substantially increased income made the terms of the original decree unreasonable and unfair. We remand to the trial court to determine that issue along with determination of respondent's current net income. If the court finds the terms of the original decree are rendered unreasonable and unfair by changed circumstances, the court must either apply the child support guidelines or make specific findings in accordance with

Minn.Stat. § 518.17, subds. 4 and 5 for a downward deviation.

Remanded.