In re the Marriage of Robin Sue
**HOPPENRATH, f.k.a. Robin Sue
Cullen, Petitioner, Appellant,**

v.

**Jack Vernon CULLEN, Respondent.**

No. C4–85–2014.

Court of Appeals of Minnesota.

March 11, 1986.

Jeffrey P. Hicken, Anoka, for appellant.

Gerald C. Magee, Minneapolis, for respondent.

Considered and decided by LESLIE, P.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

The marriage of the parties was dissolved in May 1984. The decree was based on a stipulation. One year later, seeking an increase in child support, appellant moved the trial court for a modification of the judgment. She also sought an amendment extending respondent's child support obligation for one of the parties' children to such time, if any, that the child is self-supporting. She appeals from the trial court's denial of her motions. We affirm in part, and reverse and remand in part.

## FACTS

The dissolution decree granted custody of the parties' three children to appellant

Robin Hoppenrath (formerly Robin Cullen). In accordance with the statutory guidelines, the trial court ordered respondent Jack Cullen to pay child support of $270 per month. *See* Minn.Stat. § 518.551, subd. 5 (1984).

At the time of the dissolution, Jack Cullen had a net monthly income (hereinafter income) of $876. He has since changed jobs, and his income has increased by more than 86 percent to $1634. His current monthly expenses total $1675. The record does not indicate his expenses at the time of dissolution.

When the marriage was dissolved, appellant's monthly income was $742, and her expenses were $1229. Her current income is $834. Appellant remarried following the divorce. Her family expenses have increased by $1035, but this increase includes her husband's expenses, and he has a monthly income of $1350.

Appellant seeks an increase in the amount of child support. The trial court concluded that although respondent's income has increased substantially, the increase did not make the terms of the original support order unreasonable and unfair. The court found that neither appellant's needs nor the needs of the children had substantially increased since the dissolution.

One of the parties' three children, age four, has Down's Syndrome. Appellant asked the court to amend the judgment to extend respondent's child support obligation to this child until the child becomes self-supporting, if ever. The original judgment continues the child support obligation until the child is emancipated, becomes self-supporting, reaches the age of 18, joins the armed forces, or dies, whichever occurs first.

The court denied the motion, calling it premature because appellant offered no evidence that the child's condition would necessarily prevent him from becoming self-supporting when he reaches the age of 18 and because appellant did not ask the court to take judicial notice that such was the case.

## ISSUES

1. Was it error here to find that the original support award remained fair and reasonable?

2. Did the court abuse its discretion in denying appellant's motion to extend respondent's child support obligation until the child becomes self-supporting?

## ANALYSIS

1. Modification of child support orders are governed by statute. *See* Minn.Stat. § 518.64, subd. 2 (1984). That statute states as follows:

> The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; * * any of which makes the terms unreasonable and unfair. On a motion for modification of support, the court shall take into consideration the needs of the children and the financial circumstances of each parties' spouse, if any.

Minn.Stat. § 518.64, subd. 2 (1984).

The trial court has broad discretion to grant or deny motions to modify child support orders. *Derence v. Derence*, 363 N.W.2d 86, 88 (Minn.Ct.App.1985). Whether a trial court has abused its discretion depends on whether its determination has a reasonable and acceptable basis in fact and principle. *DuBois v. DuBois*, 335 N.W.2d 503, 507 (Minn.1983).

The modification statute sets forth a two-part test. The moving party must first prove the existence of one of the statutory grounds and must then show that the change makes the original support order unreasonable and unfair. Although the trial court found that respondent's income had substantially increased, it also found that the increase did not make the original support order unreasonable and unfair.

Children are entitled to share in the standard of living enjoyed by their parents. In

making child support determinations, the trial court must consider "the standard of living the child would have enjoyed had the marriage not been dissolved." Minn.Stat. § 518.17, subd. 4(c) (1984). Under the statutory child support guidelines, the amount of support is determined by the net monthly income of the obligor, and the statutes declare that the guideline figures take into consideration the financial needs of the child. Minn.Stat. § 518.551, subd. 5 (1984).

Moreover, following a dissolution, children are entitled to enjoy the benefits of increased income of both parents. *Winter v. Winter,* 375 N.W.2d 76, 80 (Minn.Ct.App. 1985), *pet. for rev. denied,* (Minn. Dec. 30, 1985). In *Winter,* we held that

> an evaluation of the fairness of the original decree requires consideration of both parents' financial resources and their relative contributions to the children's support. Any other interpretation unjustly penalizes the custodial parent.

*Winter,* 375 N.W.2d at 80.

Because many of the cited cases were remanded to the trial court for more adequate findings, increases in support were not mandated. Like the two governing statutes, the cases recognize that the parents' standard of living is a factor that must be considered by the trial court. Here, however, the trial court made adequate findings and the court found a major increase in respondent's income. Under the applicable standards, it is evident that such an increase carries with it characteristics of unreasonableness and unfairness.

The statutory scheme to protest the child's standard of living has an apparent implication here. Modifications of support are governed by the law in effect at the time of the modification motion. *Hadrava v. Hadrava,* 357 N.W.2d 376, 379 (Minn.Ct. App.1984). Application of the statutory guidelines to respondent's current income would mandate child support in an amount more than twice that contained in the original order. If cause for modification is shown, the trial court must apply the statutory guidelines unless it makes express findings of fact justifying the deviation. *Id.* at 379; Minn.Stat. § 518.17, subd. 5.

■ Moreover, respondent must be responsible for maintaining his relative contribution to his children's support. Appellant is not required to commit all her income to her needs and the needs of the parties' children while requiring respondent to account only for the deficiency, irrespective of his income. Such an approach undercuts the obligation of the noncustodial parent as reflected in the guidelines. *Winter,* 375 N.W.2d at 80.

Respondent asserts that because the amount of child support was determined by stipulation and because only one year has passed since the dissolution, the child support award should not be disturbed. The existence of a stipulation is one factor considered on modification motions. However, the agreement of the parties here only adopted the amount of support required by statutory guidelines. Further, child support relates to the nonbargainable interests of the children and is less subject to restraint by stipulation than other dissolution matters. *Swanson v. Swanson,* 372 N.W.2d 420, 423 (Minn.Ct.App.1985).

■ Respondent also argues that appellant's failure to show an increase in her own needs shows that the original order has not become unreasonable and unfair. Again, an increase in need is only one of many factors examined in an evaluation of the reasonableness and fairness of a support award. A substantial increase in the noncustodial parent's income alone may be sufficient to warrant an increase in child support. *Bodmer v. Pattie,* 383 N.W.2d 14, —— (Minn.Ct.App.1986). The lack of an increase in basic needs does not eliminate the compelling indications of respondent's major increase in income.

We conclude that because of the 86 percent increase in respondent's income and because the needs of the appellant and the children are at least as great as at the time of the dissolution, the original order cannot be deemed reasonable and fair. If support is not increased in these circumstances,

that decision is not adequately supported by general considerations of reasonableness and fairness. On remand, the trial court must apply the statutory guidelines unless it makes express findings of fact justifying the deviation. *Hadrava,* 357 N.W.2d at 379. If deviation is appropriate, that will be indicated by findings that take into account the five factors enumerated in Minn.Stat. § 518.17, subd. 4 (1984). *See* Minn.Stat. § 518.17, subd. 5; *Linderman v. Linderman,* 364 N.W.2d 872, 875 (Minn. Ct.App.1985).

■ 2. Appellant did not ask the trial court to take judicial notice that the parties' youngest child is unable to support himself, nor did she provide evidence to the court concerning either the extent of the child's disability or his future employment potential. The child is now only 4 years old. The trial court properly found that appellant's motion was premature and it was not an abuse of discretion to deny her motion to extend respondent's child support obligation to the child past the age of emancipation.

## DECISION

The trial court erred in determining that the terms of the original support order were not made unreasonable and unfair by the remarkable increase in respondent's income. On remand, the trial court must apply the statutory guidelines and enter an order increasing the amount of child support unless it makes express findings of fact justifying the deviation. The trial court did not abuse its discretion in denying appellant's premature motion to extend respondent's child support obligation.

Affirmed in part, reversed and remanded in part.