In re the Marriage of Norine Kay
PRICE, Petitioner, Appellant,

v.

Dale Alan PRICE, Respondent.

No. C5–86–279.

Court of Appeals of Minnesota.

July 22, 1986.

Thomas L. Johnson, Hennepin Co. Atty., Theresa Farrell, Asst. Co. Atty., Minneapolis, for appellant.

Dale Alan Price, pro se.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

In 1983, appellant was awarded child support of $120 per month. Two years later, she petitioned the trial court for an increase in child support. The court refused to modify the original support award, except for an $80 per month increase volunteered by respondent. Appellant claims the trial court should have ordered the payment of $340 per month as mandated by the child support guidelines.

## FACTS

Appellant Norine Price has custody of Sandra and Angela Price, ages 7 and 5, who were born during the marriage of the parties. When the marriage of the parties was dissolved in 1983, the trial court ordered respondent Dale Price to pay $120 per month child support.

In 1985, appellant petitioned the court for an increase in child support, claiming substantially changed circumstances. She claimed respondent's income had increased and her needs had increased.

A family court referee made these relevant findings:

1. Respondent's net monthly income had increased from $671 to $1135.37 since 1983.

2. Appellant's net monthly income had increased from $300 to $637 during the same period.

3. Appellant's 1983 expenses involved a sum for day care that she does not presently pay.

4. While the circumstances of the parties have changed, the changes do not "rise to the level contemplated by [Minn. Stat. § 518.64, subd. 2]."

In spite of these findings, the referee recommended an increase in child support to $200 per month. The referee favored this increase because respondent volunteered to pay that amount.

Appellant requested review of the order adopting the referee's findings and recommendations. She pointed out that her expenses now total $811.76 per month,[1] including $15 for day care; her affidavit reported monthly day care costs of over $400 were almost wholly paid by a public welfare subsidy. The trial court reaffirmed the decision proposed by the referee.

Appellant claims the trial court should have modified the support obligation to $340 per month, reflecting the demands of the statutory support guidelines. She recognizes the ability of the trial court to deviate downward from the amount mandated by the guidelines, but claims the trial court did not make the necessary findings to support such a deviation.

## ISSUES

1. Does the evidence permit a finding that respondent's income increase did not constitute a substantial change in his circumstances?

2. Does the evidence support a finding that the prior support award remained fair and reasonable in spite of changed circumstances?

## ANALYSIS

An obligation to pay child support may be modified

upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.72 to 256.87; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair. * * * On a motion for modification of support, the

---

1. In 1983, appellant had reported monthly expenses of $682, including $100 for child care. An affidavit submitted with her 1985 motion stated expenses of $582, without mention of child care, and this affidavit was the only evidence on her needs presented to the referee.

court shall take into consideration the needs of the children * * *.

Minn.Stat. § 518.64, subd. 2 (Supp.1985). The moving party must first show one of the four statutory changes and must then show that the change makes the original support order unreasonable and unfair. *Moylan v. Moylan,* 384 N.W.2d 859, 864 (Minn.1986); *Hoppenrath v. Cullen,* 383 N.W.2d 394, 395 (Minn.Ct.App.1986). If that burden is met, the court must determine the current amount of support on the basis of all statutory factors bearing on that decision. *Moylan,* 384 N.W.2d at 864; *see Quaderer v. Forrest,* 387 N.W.2d 453, 458–59 (Minn.Ct.App.1986) (Crippen, J., concurring specially).

■ The trial court has broad discretion to decide whether there has been a sufficient change of circumstances. *Bledsoe v. Bledsoe,* 344 N.W.2d 892, 895 (Minn.Ct. App.1984).

The trial court findings on the modification standards of Minn.Stat. § 518.64, subd. 2 are inexact. Modification (other than adopting the change volunteered by respondent) was denied either because changes were not found to be substantial or because they were not found such that the original support award had become unfair; the court merely said that changes did not "rise to the level contemplated" by the statute.

### 1. Substantial change.

■ The evidence is insufficient to support a finding that respondent's change of income was not substantial. *See Scott v. Scott,* 352 N.W.2d 62, 64 (Minn.Ct.App. 1984). Respondent's net monthly income increased by nearly $500, over 70 percent, in the two years since the prior support award. This change of income is one of the four factors listed in Minn.Stat. § 518.-64, subd. 2, any "one or more" of which makes it possible to find cause for modification of the support award. *Id.* There was a substantial change in circumstances,

so the ultimate issue becomes whether the record supports the trial court's finding that the original support award remained fair.

### 2. Unreasonable and unfair prior order.

We have previously disapproved a finding that a major increase in the noncustodial parent's income could be disregarded solely by reference to the standard of fairness. *See Hoppenrath,* 383 N.W.2d at 396–97:

> If support is not increased in these circumstances, that decision is not adequately supported by general considerations of reasonableness and fairness.

*Id.* This holding prevents us from finding that the trial court could refuse modification by analyzing only the factor of respondent's changed income.

■ Where the trial court elects to deny modification of a support award, the tests of fairness and reasonableness are inexact and may deal incompletely with the factors bearing on a just decision. *See id.* at 396, 397. A proper assessment of fairness requires consideration of the factors that also shape a decision on the current amount of support, the factors as to resources and needs of each parent and the children.[2] *See* Minn.Stat. § 518.64, subd. 2; *Quaderer,* 387 N.W.2d at 459 (Crippen, J., concurring specially). Any "one" of four factors listed in Minn.Stat. § 518.64, subd. 2 may justify modification, but it does not follow that the fairness or unfairness of the original award can be assessed by looking at any one factor.

■ Particular scrutiny of the fairness of a prior award serves both parties; thus in the immediate case, in addition to the income factors considered by the trial court, it was important to identify the total changes since 1983 in expenses and reasonable needs of both parents. In addition, changes in the needs of the child are signif-

---

**2.** Statutory factors bear differently on the decision whether to modify and the setting of support. Only the changes of facts determine the modification decision, but the full impact of

factors bears on setting the amount of support. *See Quaderer,* 387 N.W.2d at 458 (Crippen, J., concurring specially).

icant. Minn.Stat. § 518.64, subd. 2. We notice from the trial court's findings that two considerations other than respondent's income entered into the decision against modification. The court found that appellant's needs no longer included an expense she faced two years earlier and that her income had increased. Neither of these findings appropriately explains a finding that the prior support award remained fair.

First, the trial court did not respond to appellant's claim that her monthly expenses were $811.76, $279.76 more than stated in an affidavit form submitted six months earlier. In addition, appellant stated in her affidavit that the larger expense report did not include costs paid by contributions of her mother and sister; moreover, she reported that public day care assistance amounted to nearly $400 per month.

Second, we have recognized that a child is entitled to enjoy the benefits of increased income of both parents and that the resources of both parents must be considered in assessing the fairness of the original award. *Winter v. Winter*, 375 N.W.2d 76, 80 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Dec. 30, 1985).

On the considerations stated in the trial court findings, it was error here to deny cause for modifying the child support award. On remand, the issue should be decided after taking into account changes in the needs and resources of both parties and the children. The trial court must make findings sufficient to show its reasoning. *See Moylan*, 384 N.W.2d at 864. Particularized findings promote the use of statutory standards, explain the trial court's decision for the parties, and facilitate meaningful appellate review. *Rosenfeld v. Rosenfeld*, 311 Minn. 76, 82, 249 N.W.2d 168, 171 (1976).

### DECISION

We reverse and remand for findings and conclusions on appellant's petition for modification consistent with this opinion. It is within the discretion of the trial court to open the record for further evidence on material issues.

Reversed and remanded.