**In re the Marriage of Kathleen Louise MACKIN, Petitioner, Respondent,**

v.

**James Walter MACKIN, Appellant.**

**No. C3–86–426.**

Court of Appeals of Minnesota.

Aug. 5, 1986.

M. Sue Wilson, Minneapolis, for respondent.

Jack S. Jaycox, Constantine J. Gekas, Bloomington, for appellant.

Considered and decided by CRIPPEN, P.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Three years after the dissolution of the parties' marriage, respondent Kathleen Mackin moved for an increase in child support. The trial court granted the motion and adjusted the amount of child support based on findings about appellant's increased income. We reverse and remand for further findings.

1. Although the trial judge's order adopted and affirmed the referee's findings in all respects, some of the judge's findings on income and expenses do not agree with the amounts found by the referee. Here, for example, the trial judge used figures suggesting the increase in respondent's income was as much as $1200. This finding is not justified by the evidence.

## FACTS

The parties' marriage was dissolved in February 1982. The parties stipulated that appellant James Mackin would pay $600 per month for support of the parties' three children.

In May 1985, respondent moved for a modification to increase the child support award. By this time, the eldest of the three children was emancipated. A referee recommended granting the motion, and the trial court issued findings and an order that followed the referee's recommendation.

Since 1982, respondent's net monthly income has increased by $779, from $992 to $1771. The referee found that respondent's expenses had a corresponding increase of approximately $800.[1]

The referee found that appellant's net monthly income had increased by $344, from $2258 to $2602.[2] In addition, the referee found that appellant's 1984 income tax refund of $5595 should be added to his net income, under the rationale that appellant had overwithheld taxes from his income. The referee prorated the $5595 refund over 12 months to increase appellant's net monthly income by an additional $466, for a present net monthly income of $3068.

Based on these findings, the referee found there had been a change in circumstances that made the terms of the original support order unreasonable and unfair. Using the statutory guidelines and her finding that appellant's net monthly income is $3068, the referee increased the child support order to $920 per month. *See* Minn.Stat. § 518.551, subd. 5 (1984) (for obligor with net monthly income over $1001, support for two children equals 30% of obligor's net monthly income). James

2. The trial judge found that appellant's income had increased by $545, based on a finding that his income in 1982 was $2067, not $2258. The amount of $2067 reflects appellant's income in November 1981, as shown on a prehearing statement. The more accurate figure used by the referee is based on evidence of appellant's earnings in February 1982, the month the dissolution judgment was entered.

Mackin appeals from the trial court's findings and order affirming the referee.

## ISSUES

1. Did the trial court err in including appellant's income tax refund in his net monthly income?

2. Was it error to determine that changes in circumstances rendered the original support order unreasonable and unfair?

3. Are the trial court's findings sufficient to support the amount of increase awarded?

## ANALYSIS

1. A trial court's findings of fact will be overturned if they are clearly erroneous. Minn.R.Civ.P. 52.01. Appellant alleges that the trial court erred by including his 1984 income tax refund in his net monthly income for purposes of setting the amount of child support.

Appellant and his present spouse received $5595 in federal and state income tax refunds for 1984. Respondent alleges that this large refund shows appellant is distorting evidence of his actual net income.

Appellant counters that the refund partially pertains to his present spouse, who earned $5469 of the couple's total earnings of $56,117 in 1984 and who paid $800 in income taxes in 1984. Appellant argues that the inclusion of the total amount of the refund in his income effectively and incorrectly applies the child support guidelines to his present spouse's income.

Further, appellant argues that the large amount of his refund is not attributable solely to the amount regularly withheld from his earnings, such that there is no assurance that he will receive similarly large refunds in future years. For example, he asserts that a large part of the refund is attributable to one-time costs, such as $2860 in sales tax on building materials for an improvement on his home. He also points to the large mortgage interest

deduction of $7060, which will be reduced in each of the coming years.

It is appropriate for the trial court to consider the effect of appellant's over-withholding on his actual net earnings. However, if the overwithholding is to be a factor in determining his income, it should be measured by an actual assessment of appellant's anticipated withholding for 1986, and not by mere reference to his 1984 tax return. It was error for the trial court to include the entire amount of appellant's 1984 income tax return without reference to all of the relevant evidence, including the amount attributable to his spouse's earnings. This issue is therefore remanded to the trial court with directions to correct this error. A proper resolution of the issue will also affect the trial court's assessment of the fairness of the original support order and the amount by which the order should be increased, if at all.

2. The decision to modify a child support order lies in the broad and sound discretion of the trial court, and an appellate court will reverse for an abuse of that discretion only where it finds a "clearly erroneous conclusion that is against logic and the facts on record * * *." *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984). That discretion, however, must be exercised within the limits set out by the legislature. *See* Minn.Stat. § 518.64, subd. 2 (1984).

The supreme court recently clarified the application of the modification statute. *See Moylan v. Moylan*, 384 N.W.2d 859 (Minn. 1986). *Moylan* requires a two-part analysis. First, the court must consider the four factors listed in the statute to determine whether they, "alone or in combination, create a substantial change in circumstances warranting a modification of child support * * *." *Moylan*, 384 N.W.2d at 864.

Where the increase in appellant's income was at least 15%, it may be within the trial court's discretion to find that a substantial change in circumstances has occurred, even where there was no material change in respondent's needs because of an

offsetting improvement in her income. But whether that change makes the original order unreasonable and unfair also requires consideration of other factors, including appellant's needs as well as the needs of the children. *Price v. Price,* 390 N.W.2d 483 (Minn.Ct.App.1986). The trial court must make findings that show consideration of all the relevant statutory factors in determining that the support order is unreasonable and unfair. *See Moylan,* 384 N.W.2d at 864; Minn.Stat. § 518,17, subd. 4 (1984). Neither the referee nor the trial judge made findings on appellant's needs, on any financial resources available to the children independent of their parents' incomes, or on the children's reasonable needs. *See* Minn.Stat. § 518.64, subd. 2 (1984).

■ 3. Once a trial court determines that an increase in child support is warranted, it must consider and make express findings on as many as six factors in setting the appropriate amount of the modification. *See Moylan,* 384 N.W.2d at 864–65. These factors again include the obligor's expenses and the children's reasonable needs. *Id.* at 864. The findings are inadequate if the record "fails to reveal that the trial court actually considered the appropriate factors." *Id.* at 865. As mentioned, there are no findings on appellant's needs or on the resources and needs of the children.[3] If, on remand, the trial court again finds that an increase in support is warranted, it must also make specific findings to support its determination of the appropriate amount of the increase.

## DECISION

The trial court erred in its computation of appellant's current net monthly income and in failing to make findings sufficient to sustain its determination that an increase in child support is warranted and that the support order should be increased to $920. We reverse and remand for additional find-

ings and an order consistent with this opinion.

Reversed and remanded.

---

3. There are also no findings on the financial circumstances of appellant's spouse. *Moylan* notes that Minn.Stat. § 518.64, subd. 2 requires consideration of the financial circumstances of each party's spouse, if any. As of August 1, 1986, the statute is amended to expressly prohibit consideration of the financial circumstances of the parties' spouses.