In re the Marriage of Lynda Diane
LUJAN, Petitioner, Appellant,

v.

Thomas R. LUJAN, Respondent.

No. C0–86–1288.

Court of Appeals of Minnesota.

Feb. 10, 1987.

Christine N. Howard, Lapp, Laurie &
Smith, Minneapolis, for appellant.

Peter B. Wold, Wold, Jacobs & Johnson,
Minneapolis, for respondent.

Heard, considered and decided by
CRIPPEN, P.J., and LANSING and
NIERENGARTEN, JJ.

## OPINION

CRIPPEN, Judge.

This appeal calls for a determination of
what findings are needed to support a
downward modification of a support award
where both parents appear able to make
substantial contributions for the sake of
their children. Question is also raised on
the trial court's demand that each party
pay support for those months when the
other parent cares for the children. We
remand for findings on these issues and
affirm other trial court decisions.

## FACTS

Thomas and Lynda Lujan's marriage was dissolved in August 1979. They have two minor children, born in 1973 and in 1975. The decree provided for "joint custody, care and control" of the children. At the time of the dissolution, respondent Thomas Lujan was a member of the military. Because the parties anticipated that respondent might be required to move frequently, the order provided that the children would live with appellant Lynda Lujan during the nine-month school year and spend the three-month summer vacation with their father.

A stipulation by the parties, incorporated into the 1979 judgment, provided that respondent would pay $500 per month for support during the nine-month period appellant cared for the children. The amount was to be increased $30 per month for each $100 increase above respondent's $1500 per month net income, up to a maximum monthly support award of $1000. During the months the children lived with respondent he was to pay only one-half the sum owed, so his initial average monthly obligation over a 12–month period was $437.50. At the time of the dissolution, appellant Lynda Lujan's net monthly income was $600. At the time he brought his motion for modification, respondent was paying an annualized support payment of $647.50 per month.

Both parties have remarried. Respondent's wife does not work outside the home and they have two minor children. Appellant's second husband is employed. There was no specific finding on his income but the trial court noted a loan application that listed his gross monthly income as $3000.

In September 1985, respondent moved for an award of child support during those months he had custody of the two children. Appellant responded with a motion for $1490 in support arrearages, $54.20 for one-half of the children's medical expenses,

and $750 for attorney fees for bad faith proceedings.

Appellant's income has increased substantially since the dissolution. The trial court found that her net monthly income was $2497. The court found that respondent's net income was $2175 plus a housing allowance of $530, for a total monthly income of $2705. Respondent did not supply any information concerning his expenses except to indicate that his expenses increased by $2610 during the three summer months the children are with him. The trial court found that a substantial increase in both parties' earnings made the original decree unreasonable and unfair.

The trial court confirmed a referee's recommendation to lower respondent's child support obligation to the amount of $440 for all 12 months of the year. In its findings, the court supported this award by calculating respondent's net annualized obligation based on his payment of support for nine months and a cross-payment of support from appellant for three months. This calculation would call for respondent's payment of $421.34 for 12 months.[1] Respondent was ordered to pay $51.20 in unpaid medical bills and the parties were ordered to share the cost of transporting the children back and forth. The trial court also ordered respondent to pay $1490 in support arrearages. The court found no bad faith and did not award any attorney fees.

## ISSUE

1. Did the trial court err in finding a substantial change that made the previous decree unfair and unreasonable?

2. Did the court err in ordering Lynda Lujan to share transportation costs?

## ANALYSIS

### I.

The decision to modify an award of child support is left to the broad discretion of the

---

1. Applying child support guidelines, the trial court found that respondent's just obligation would call for child support of $811.50 for nine months of the year, and appellant's just obligation would require payments of $749.14 for three months each year.

trial court and an appellate court will reverse only for an abuse of discretion. The discretion is limited by the legislature. *Moylan v. Moylan,* 384 N.W.2d 859, 864 (Minn.1986). The governing statute provides:

> The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.-72 to 256.87; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair. * * * On a motion for modification of support, the court shall take into consideration the needs of the children and the financial circumstances of each party's spouse, if any.

Minn.Stat. § 518.64, subd. 2 (Supp.1985).

The statute has recently been amended to exclude consideration of the finances of each party's spouse. Minn.Stat. § 518.64, subd. 2 (1986). Proceedings under the statute raise three questions: (1) Do any of the four factors listed create a substantial change in circumstances? (2) Does the change make the original decree unreasonable or unfair and thus warrant modification? (3) If so, what modification should the court make? Minn.Stat. § 518.64, subd. 2 (Supp.1985). *See Moylan,* 384 N.W.2d at 864; *Price v. Price,* 390 N.W.2d 483, 485 (Minn.Ct.App.1986).

The trial court found there had been a substantial increase in the income of both parents. Appellant's income increased 400 percent from $600 per month to $2497. Respondent's income has increased 80 percent from $1500 per month to $2705. We agree there has been a substantial increase in the income of both parties.

■ To modify an award, the statute also provides that the changed circumstances are significant only if they make the original decree unfair and unreasonable. In order to assess fairness the court must consider

the factors that also shape a decision on the current amount of support, the factors as to resources and needs of each parent and the children. * * * Any "one" of four factors listed in Minn.Stat. § 518.64, subd. 2 may justify modification, but it does not follow that the fairness or unfairness of the original award can be assessed by looking at any one factor.

*Price,* 390 N.W.2d at 485 (citations omitted) (footnote omitted).

■ Factors to consider include the earnings and other resources of the obligor, the basic living needs of the obligor, and the financial need of the children. Minn.Stat. § 518.551, subd. 5 (1984); *id.,* § 518.64, subd. 2; *Moylan,* 384 N.W.2d at 864. A child is entitled to benefit from the income of both parents. *Winter v. Winter,* 375 N.W.2d 76, 80 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. Dec. 30, 1985); *LeTourneau v. LeTourneau,* 350 N.W.2d 476, 478–79 (Minn.Ct.App.1984).

The trial court made findings on the total needs of appellant and the children but made no separate findings on individual needs of the children. The statute requires particular attention to this factor. Minn. Stat. § 518.64, subd. 2 (Supp.1985). Separate attention to this subject adds little to many cases, such as those where a maximum effort of both parents will be needed to meet all projected needs. However, where it appears the parties have the combined ability to easily meet the child's needs, and the burden will be divided, the fairness and reasonableness of a prior award cannot be assessed without considering the child's separate needs and evaluating the fairness of the award in terms of the part of the expense each parent is to bear. There is evidence in the record that could have provided a basis for such findings and perhaps the trial court considered it. However, it must be clear that the court considered the required factors, and in the absence of a specific finding we cannot be sure it did. *Moylan,* 384 N.W.2d at 864–65.

The trial court also noted that respondent presented no evidence of his own expenses, other than to indicate that they increase by $2610 during the months the children are with him. Because of the lack of findings on the needs of the children and the obligor father we must remand.

Because we remand on the issue of cause for modification, it is unnecessary to address the question whether the trial court erred in determining a $440 per month future support award. Assuming a 12 month payment arrangement as recommended by the trial court referee, the setting of an amount on remand will require consideration of the facts already discussed in this opinion.

Appellant points out that the trial court justified the referee's support determination by a guidelines calculation based on a cross-award of support for summer months, and appellant contends it would be error here to use a cross-award rationale to set the amount of future support, assuming modification is found to be appropriate. Respondent disagrees.

■ Respondent argues that because the parties have joint physical custody he should be obligated for support only during the months the children are with appellant, and that she should be obligated for support when they are with him. Appellant asserts this is not a true joint custody situation and that the time the children spend with their father is merely an extended visitation.[2]

We need not decide whether the evidence justified the trial court's cross-award rationale. The calculation will have little, if any, utility on remand. The trial court in this case need not determine how much child support is needed each month by the caretaker of the children in this case. It is evident that the trial court referee believed, and the court confirmed that respondent's support obligation represents a fair contribution to appellant, not a sum equal to her needs for each month. Thus, the referee chose to require 12 equal payments. Given these circumstances, it is evident that the trial judge looked to a simple guidelines calculation for guidance, employing a cross-award theory to permit an accurate calculation. This was done on March 20, 1986, prior to the decision in *Moylan*, and prior to a statutory amendment now found in Minn.Stat. § 518.551, subd. 5(b). These legal developments preclude a mechanical guidelines calculation, and it is of doubtful value to attempt a thorough cross-award analysis to substitute for a simple, direct finding as to respondent's fair contribution, the approach originally utilized by the trial court referee.

## II.

■ The original decree was based on a stipulation providing that respondent would pay for transporting the children to and from his home. The trial court judge or-

2. The original judgment granted "joint-custody, care and control" of the children and the parties were required to "share equally in the upbringing" of the children. They were to share in making decisions on education, medical care, and religious training. The basis for structuring the shared physical custody was the need to keep the children in one school district during the school year. The parent not providing daily care was given reasonable visitation rights. We have held that:

Joint physical custody does not require an absolutely equal division of time; rather, it is only necessary that physical custody of the child be the shared responsibility of the parties.

*Hegerle v. Hegerle*, 355 N.W.2d 726, 731–32 (Minn.Ct.App.1984) (citation omitted).

In some joint physical custody cases, cross-awards of support have been found appropriate. *See Wolter v. Wolter*, 382 N.W.2d 896, 900 (Minn.Ct.App.1986); *Esposito v. Esposito*, 371 N.W.2d 608, 610–11 (Minn.Ct.App.1985); *Hortis v. Hortis*, 367 N.W.2d 633, 635–36 (Minn.Ct.App. 1985); *Cf. Gordon v. Gordon*, 356 N.W.2d 436, 437 (Minn.Ct.App.1984). However, these cases do not depend on a technical determination of whether or not physical custody is joint. Thus, a decision on a cross-award of support does not require a determination of whether a three-month/nine-month division constitutes joint physical custody. When the parents either share custody or the noncustodial parent has the child for a substantial period of time, the court has discretion to structure child support in a way that fairly reflects needs and financial circumstances. *Wolter*, 382 N.W.2d at 900.

dered that this expense be shared. If on remand it is determined that modification is necessary, the trial court's decision to divide expenses is not an abuse of its discretion. The trial court's award of arrearages and medical payments is affirmed.

## DECISION

Affirmed in part and remanded for additional findings.