**In re the Marriage of Charlotte MILLER, aka Charlotte E. Hofer, petitioner, Appellant,**

v.

**William Bradley MILLER, Respondent.**

**No. C4–87–1319.**

Court of Appeals of Minnesota.

Dec. 8, 1987.

Jill I. Frieders, Larkin, Hoffman, Daly & Lindgren, Ltd., Minneapolis, for appellant.

Stewart Finney, Minneapolis, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and FOLEY and LANSING, JJ.

## OPINION

CRIPPEN, Judge.

In June 1986, appellant Charlotte Miller, n/k/a Charlotte Hofer, brought a motion for an increase in child support. Respondent then moved for a change of custody of the three minor children of the family. On November 13, 1986, a family court referee issued a proposed order finding there had been a substantial change in circumstances which rendered the child support provisions of the original judgment and decree unreasonable and unfair, and recommended an increase in child support. Appellant stated in an affidavit that she would agree to an arrangement for joint legal and sole physical custody of Casey, the oldest child, with respondent. The referee, however, recommended that respondent have sole legal and sole physical custody of Casey.

On April 1, 1987, the trial court issued an order vacating the referee's order on child support and ratifying the recommendation for sole legal custody along with placement of sole physical custody of one child with respondent.

## FACTS

The parties entered into a stipulation in August 1983 and their marriage was dissolved in October 1983. At the time of dissolution they had three children, Casey, 13, Abby, 11, and Jessica, 7. The dissolution decree granted custody of the parties' three minor children to appellant Charlotte Miller.

At the time of the dissolution, respondent had gross income of $43,000 per year. In 1985, at the time of the modification hearing, his gross employment income was $74,700 per year, and his current monthly expenses totaled $2568. His net monthly income was over $4000. He does not dispute these findings.

When the marriage was dissolved, appellant was earning $5.40 per hour as a teacher's aide. At the hearing, appellant submitted evidence that her monthly family expenses for the two children in her custody totaled $1500. This amount included $450 for housing, $210 for food, and $118

for clothing. Appellant is now remarried and unemployed. She offered evidence that the circumstances of the parties are substantially different from those at the time of dissolution. This evidence included the increase in respondent's income, a decrease in her income, and an increase in the children's needs. Appellant also produced evidence that the cost of living increased 8.7 percent from October 1983 through February 1986.

The trial court refused any child support increase and suspended the $170 obligation for the child now living with the father. The court found there was evidence of a cost-of-living increase but that it was not sufficient to constitute a change of circumstances warranting an increase in support. The court found that the child support had been set by stipulation and that it was set below the child support guidelines at the time, but was "part of a total settlement package" that included maintenance and a property settlement. The court also observed that the referee recommended a child support increase without sufficient findings to meet the requirements of *Moylan v. Moylan*. The court concluded there was insufficient evidence to support a finding that the amount previously granted was unreasonable and unfair. The district court also granted respondent sole legal and physical custody of the couple's oldest child, disregarding the agreement of the parties to joint legal custody.

## ISSUES

1. Did the trial court err in finding the original support award remained fair and reasonable?

2. Did the trial court err in ordering sole legal custody to one party where such an arrangement was not requested by the parties and there is no evidence to support a denial of joint legal custody?

3. Was it error to deny appellant attorney fees?

## ANALYSIS

### I.

Modification of child support orders are governed by Minn.Stat. § 518.64, subd. 2 (1986):

The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; * * * any of which makes the terms unreasonable and unfair. * * * On a motion for modification of support, the court shall take into consideration the needs of the children and shall not consider the financial circumstances of each party's spouse, if any.

Minn.Stat. § 518.64, subd. 2 requires that the trial court determine whether any of the statutory factors alone or in combination create a substantial change of circumstances, and whether these changes are such that the prior support award has become unfair and unreasonable. If modification is warranted, the trial court must then consider the needs of the children and the financial situation of the parties in determining the modified amount of the child support obligation. *Moylan v. Moylan*, 384 N.W.2d 859, 863–64 (Minn.1986).

■ In reaching its decision, the trial court rejected the recommendation of a referee who awarded $934 for the two children in appellant's custody. This sum is equal to two-thirds of the guidelines amount for three children and computed on the basis of net income of $4000 per month. We find no evidence in the record to permit a finding that there were not substantial changes in circumstances or that there should be a child support setting at any other than the guidelines amount.

a. Evidence

■ The trial court concluded there was not sufficient evidence to permit a modification. A proper assessment of fairness of a support award requires consideration of the factors that shape a decision on the current support, facts as to resources and needs of each parent and the children. *Price v. Price*, 390 N.W.2d 483, 485 (Minn. Ct.App.1986). None of these factors were

addressed in the trial court's findings. Undisputed evidence shows a 70 percent increase in respondent's income, not offset by his needs, together with increased and unmet needs of the children. There is no evidence establishing a basis for concluding the original support award remained just and reasonable.

b. Stipulation

■ The existence of a stipulation is only a factor considered in modification motions. *See Hoppenrath v. Cullen,* 383 N.W.2d 394, 396 (Minn.Ct.App.1986). Given the great change in respondent's income, it is inappropriate to preserve a three-year-old support award solely because it was determined by a stipulation which set child support below the guidelines. A substantial change of circumstances cannot be disregarded by deference to circumstances existing when a stipulation is made.

c. Inadequate findings

The trial court reached its conclusion based in substantial part on a conclusion that the referee's recommendation on child support was inadequately supported by findings. This observation is ill-founded. First, the referee's findings were adequate. The referee made findings on respondent's ability to pay, appellant's financial circumstances, and the needs of the children. The referee made findings as to respondent's gross income, but the record made evident the amount of his net income.

Second, if the referee's findings were insufficient, the trial court had the option to ask for further referee attention to the file or to make its own findings to support acceptance or rejection of the referee's recommendations. *Peterson v. Peterson,* 308 Minn. 297, 304, 242 N.W.2d 88, 93 (1976). The trial court failed to assume responsibility to independently review the merits of the case. *See id.; Olson v. Olson,* 399 N.W.2d 660, 663–64 (Minn.Ct.App.1987). The trial court's observations as to the inadequacy of a referee's finding has no bearing on its conclusion on the merits.

d. Respondent's position

Respondent argued before the trial court that if support were set according to the guidelines, it should be reduced by $240 because the initial amount set had been for the lump sum of $750 that the parties divided as $240 for maintenance and $510 for child support. Because the maintenance obligation terminates on January 1, 1988, and because of respondent's undisputed ability to pay, child support should not be reduced due to the maintenance award.

## II.

■ When appellant brought her original motion for child support, respondent moved for joint legal and sole physical custody of the children. Appellant stated in an affidavit that she was "willing to agree to change the custody of Casey to joint legal with primary physical custody with respondent." There is no indication that respondent sought sole legal custody of Casey, or that joint legal custody was inappropriate.

The referee, perhaps inadvertently, disregarded the agreement of the parties in granting respondent the "legal and physical custody of Casey Miller, subject to petitioner's rights of reasonable visitation on reasonable notice." The trial court found, "by agreement of the parties, husband is awarded sole legal and physical custody of Casey."

It is evident to both parties that the grant of sole legal custody to respondent was a mistake. The parties had agreed to the contrary. No evidence was offered at any time that sole legal custody is appropriate. The order granting sole legal custody to respondent is reversed.

## III.

■ Appellant requests that respondent pay her attorney fees. Granting of attorney fees is largely at the discretion of the trial court. *Solon v. Solon,* 255 N.W. 2d 395, 397 (Minn.1977). We hold that the trial court abused its discretion, however, in this case by not granting appellant any attorney fees. The record shows that ap-

pellant incurred substantial fees and that she does not have sufficient income to pay these fees. Respondent has net income in excess of $4000 per month and is more able to pay the fees. In addition, we must independently determine the merits of appellant's request for a recovery of attorney fees on appeal. *Frederiksen v. Frederiksen*, 368 N.W.2d 769, 779 (Minn.Ct.App. 1985) (citing *Solon*, 255 N.W.2d at 397).

Accordingly, we award appellant $1000 for her fees incurred prior to this appeal and $500 for the appeal.

### DECISION

We conclude that the judgment on support is to be modified by calling for payments of $934 per month, payable half on the 1st and half on the 15th of each month commencing January 1, 1988. We also correct the error of the trial court and thus grant respondent sole physical, but joint legal custody of the parties' son Casey. Appellant is awarded $1000 for fees incurred prior to this appeal and $500 on appeal.

Reversed.