**POLK COUNTY SOCIAL SERVICES on Behalf of Jennifer L. HAGEN, f.k.a. Jennifer L. Clinton, petitioner, Respondent,**

v.

**Bruce L. CLINTON, Appellant.**

**No. C0–90–291.**

Court of Appeals of Minnesota.

Aug. 21, 1990.

Polk County Atty.'s Office, Cynthia E. Ostlie, Asst. Polk County Atty., Crookston, for respondent.

Jon K. Sannes, McEwen Law Office, Thief River Falls, for appellant.

Considered and decided by NORTON, P.J., and GARDEBRING and SCHULTZ *, JJ.

## OPINION

GARDEBRING, Judge.

Appellant Bruce Clinton appeals from an order issued by an administrative law judge increasing his child support obligation pursuant to a new process authorized by Minn.Stat. § 518.551, subd. 10 (Supp.1989). We affirm.

## FACTS

The parties' marriage was dissolved in August 1983. The trial court ordered appellant to pay $90 per month child support for two minor children. The trial court based the support determination upon the parties' stipulation.

In July 1989 respondent Jennifer Hagen moved for child support modification. An administrative law judge (ALJ) heard the motion pursuant to a new administrative process for obtaining, modifying and enforcing support obligations. Minn.Stat. § 518.551, subd. 10 (Supp.1989). The ALJ found the following: appellant's net monthly income was $952.60;[1] the minor children's monthly needs increased from $283 in August 1983 to $514 in August 1989; respondent no longer received AFDC benefits; and respondent's only income was the $90 per month child support payments. In its January 1990 order the ALJ increased appellant's support obligation to $276 per month. Appellant filed a timely notice of appeal from the ALJ's order.

## ISSUES

1. Does this court have jurisdiction?

2. Did the administrative law judge err in increasing appellant's child support obligation?

## ANALYSIS

### I.

■ The first issue is whether appellant properly invoked this court's jurisdiction. An appellate court will determine jurisdictional questions on its own motion even if the parties did not raise the issue. *Davidner v. Davidner*, 304 Minn. 491, 493, 232 N.W.2d 5, 7 (1975).

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

1. The ALJ found the net weekly income to be $220. By multiplying the $220 by 4.33 we arrive at the net monthly income of $952.60.

In 1989 the legislature enacted Minn. Stat. § 518.551, subd. 10 (Supp.1989).[2] The statute provides for an "administrative process" allowing the Commissioner of Human Services to designate counties where ALJs may, among other things, modify and enforce child support orders. In relevant part the statute reads:

> The decision and order of the administrative law judge shall be a final agency decision for purposes of sections 14.63 to 14.69.

*Id.*[3] The legislature subsequently deleted the above language and amended the statute to provide:

> The decision and order of the administrative law judge is appealable to the court of appeals in the same manner as a decision of the district court.

*See* 1990 Minn.Laws. ch. 568, art. 2, § 72 (to be codified at Minn.Stat. § 518.551, subd. 10 (1990)). The amendment was effective May 4, 1990, three months after appellant filed his notice of appeal.

We believe the statute's language was unclear at the time of this appeal. The unamended statute did not expressly specify a particular manner of appeal from the ALJ's decision. Traditionally, district court child support orders are appealed by filing a notice of review pursuant to Minn.R.Civ. App.P. 103.01. It was not certain, however, whether the statute required appellant to file a notice of appeal under rule 103.01 or petition for certiorari from a final agency decision under Minn.Stat. § 14.63 (1988).[4]

■ While statutes are presumed to be applied prospectively, that proposition is not "immutable." *State by Spannaus v. Coin Wholesalers, Inc.*, 311 Minn. 346, 354, 250 N.W.2d 583, 588 (1976). Specifically, where the language of an amendatory statute is meant to clarify the law, the presumption of prospective application is rebutted. *Id.; see Strand v. Special School Dist. No. 1*, 392 N.W.2d 881, 882–83 (Minn. 1986) (where a legislative "oversight" leaves the law "unsettled" and a subsequent amendment corrects the ambiguity, retrospective application of a clarifying statute may be appropriate).

■ We hold the 1990 amendment clarifies the earlier statutory provision and therefore may be read into the law retrospectively. Other than the utilization of the ALJ, the new administrative process resembles a district court proceeding. Family court rules and the substantive law of Minn.Stat. ch. 518 control the process. The statute confers on the ALJ all powers, duties and responsibilities of district court judges in the administrative proceedings. The only involvement of the Commissioner of Human Services appears to be designating which counties participate in the process. Under these circumstances, it is unlikely the legislature intended to alter either the traditional manner of appeal or the standard of review for family law cases. Instead, we believe the unamended portion of the statute, referring to a final agency decision, was intended to show that the ALJ's decision was directly appealable to the court of appeals and did not need the Commissioner's approval. The 1990 amendment is consistent with this construction. Because the 1990 amendment clarified the statute's ambiguity we retrospectively apply the amendment, and conclude that appellant's timely notice of appeal invoked this court's jurisdiction.

## II.

Appellant argues that the ALJ erred by increasing his child support from $90 per month to $276 per month.

---

**2.** In 1987 the legislature started a child support pilot project that used ALJs to determine child and medical support orders. The project was limited to Dakota County. In 1989 the legislature expanded the project to counties chosen by the Commissioner of Human Services. Minn. Stat. § 518.551, subd. 10 (Supp.1987 & Supp. 1989).

**3.** Minn.Stat. §§ 14.63 to 14.69 (1988) are entitled "Judicial Review of a Contested Case Decision." The provisions outline the appeal procedure for a final agency decision, including the appropriate standard of review and the correct manner of appeal. The procedure for appeal includes filing a petition for writ of certiorari with the court of appeals not more than 30 days after the adverse party receives the agency's final decision.

**4.** We note that in *Lee v. Lee*, 459 N.W.2d 365 (Minn.App.1990), released with this opinion, the husband petitioned for certiorari pursuant to Minn.Stat. § 14.63 (1988).

Appellant first claims the 1983 stipulation awarding respondent child support of $90 per month precludes the ALJ from increasing his support obligation. Existence of a prior stipulation does not necessarily prevent modification where a substantial change in circumstances exists. *Miller v. Miller*, 415 N.W.2d 920, 923 (Minn.App.1987). Because child support relates to children's nonbargainable interests, it is less restricted by stipulation than other dissolution matters. *Hoppenrath v. Cullen*, 383 N.W.2d 394, 396 (Minn.App. 1986). Hence existence of the 1983 stipulation did not prevent the ALJ from increasing appellant's child support obligation.

Appellant also contends the ALJ erred in concluding a substantial change in circumstances existed. The ALJ applies the substantive law of chapter 518. Minn.Stat. § 518.551, subd. 10. Modification of child support orders is governed by Minn.Stat. § 518.64, subd. 2 (1988).

The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; * * * any of which makes the terms unreasonable and unfair. * * * On a motion for modification of support, the court shall take into consideration the needs of the children and shall not consider the financial circumstances of each party's spouse, if any.

Respondent must first show one of the statutory grounds exists. She must then show that the change makes the prior order unreasonable and unfair. If modification is warranted, the ALJ must consider the parties' financial circumstances and the children's needs in determining what support modification should be made. *Moylan v. Moylan*, 384 N.W.2d 859, 863–64 (Minn. 1986).

The ALJ's findings and reasoning in this case are clear. The ALJ found appellant's present net monthly income is approximately $952.60, an increase in earnings of $303.10 per month from the time of the August 1983 dissolution decree. Further, the ALJ found the monthly needs of the children increased from approximately $283 per month in 1983 to $514 per month in 1989. Finally, the ALJ found that respondent now has only $90 in income. Under these circumstances, the ALJ concluded the change in circumstances made the original August 1983 child support award unfair and unreasonable. Using the child support guidelines, the ALJ increased appellant's obligation to $276 per month. We conclude the ALJ's determination has a reasonable basis in fact and principle and is therefore affirmed. *Dubois v. Dubois*, 335 N.W.2d 503, 507 (Minn.1983).

Lastly, appellant contends the child support statutory guidelines were erroneously applied to this case. However, it is well established that the statutory guidelines are applicable in modification proceedings. *Moylan*, 384 N.W.2d at 864. Appellant provides no valid reason why the guidelines are inapplicable to this case. Accordingly, we affirm the ALJ's decision.

## DECISION

Appellant properly invoked this court's jurisdiction. The ALJ did not err in increasing appellant's child support obligation.

Affirmed.