**Roxanne M. LeTENDRE, n.k.a.**
**Roxanne M. Zieska,**
**Respondent,**

v.

**Alan S. LeTENDRE, Appellant.**

**No. CX–85–2292.**

Court of Appeals of Minnesota.

June 3, 1986.

David K. Hebert, Forest Lake, for respondent.

David C. Higgs, St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Alan LeTendre appeals from the trial court's order increasing his child support obligation, ordering biennial cost-of-living adjustments to the support order, holding a stipulation invalid as not judicially approved, and denying him attorney's fees. Respondent Roxanne LeTendre asks for review of the trial court's computation of appellant's net monthly income. We affirm in part and remand for further findings.

## FACTS

The marriage of the parties was dissolved in 1973. The court granted respondent custody of the child of the parties and ordered appellant to pay child support of $88 per month. Appellant, however, did not pay any child support from the date of the dissolution through 1980.

In April 1981, the parties executed a stipulation stating forgiveness of all of appellant's child support arrearages in return for his promise to pay $800 annually. Appellant fulfilled this promise from 1981 through 1984. The stipulation was never judicially approved. However, in June 1981, appellant also entered into and complied with a judicially approved stipulation with the county that forgave accrued arrearages through March 1978.

In July 1985, respondent moved the court for an increase in the amount of child support and for an order requiring appellant to pay all support arrearages. Appellant countermoved for dismissal of respondent's motion and for an order giving judicial approval to the parties' stipulation forgiving all arrearages. Both parties requested attorney's fees and costs.

At the modification hearing, the trial court found that appellant's net monthly income at the time of the dissolution was $435. Appellant has been self-employed since 1981. Using income tax returns for the years 1980 through 1984 and his income statement for the first seven months of 1985, the court found that appellant's net monthly income had increased to $900. The trial court made no findings regarding appellant's expenses.

The trial court found that respondent's net monthly income had increased since entry of the dissolution judgment from $327 to $1140 and that her monthly expenses had increased from $438 to $2000. Although respondent has remarried and the trial court found that her husband is "gainfully employed," the court made no findings regarding his income or expenses. The findings on respondent's increased expenses did not separate her expenses from the needs of the child.

The court found that appellant's substantially increased earnings and the substantially increased expenses of respondent and the child made the original support order unreasonable and unfair and accordingly increased appellant's support obligation to $200, the amount dictated by the statutory guidelines. The court made no findings on the need for cost-of-living adjustments, but

incorporated by reference the statutory notice for the adjustments.

Because the April 1981 stipulation of the parties had not been judicially approved, the court found it to be invalid. However, the court found that appellant's reliance on the terms of the stipulation was reasonable and so forgave the arrearages that accrued between 1981 and 1984 (the difference between $800 paid annually and the ordered obligation of $88 per month). The court forgave arrearages arising before April 1978, based on the June 1981 (judicially approved) stipulation. The trial court ordered appellant to pay all remaining arrearages ($88 per month for 37 months after April 1978, plus $666 ($800 ÷ 12 x 10) for the first ten months of 1985).

The trial court denied both parties' motions for attorney's fees. Alan LeTendre appeals, and Roxanne LeTendre asks for review of the trial court's computation of appellant's net monthly income.

## ISSUES

1. Did the trial court abuse its discretion in determining that the change in the parties' circumstances justifies a modification in the child support award?

2. Are the trial court's findings sufficient to support the amount of increase awarded?

3. Did the trial court clearly err in its determination of the amount of appellant's income?

4. Did the trial court properly invalidate the parties' stipulation?

5. Did the trial court abuse its discretion in ordering biennial cost-of-living adjustments?

6. Did the trial court abuse its discretion in failing to award attorney's fees?

## ANALYSIS

■ 1. The decision to modify a child support order lies in the broad and sound discretion of the trial court, and an appellate court will reverse for an abuse of that discretion only where it finds a "clearly

erroneous conclusion that is against logic and the facts on record * * *." *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984). That discretion, however, must be exercised within the limits set out by the legislature. The statute governing modification reads:

> The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.-72 to 256.87; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair.

Minn.Stat. § 518.64, subd. 2 (1984).

The supreme court recently clarified the application of the modification statute. *See Moylan v. Moylan,* 384 N.W.2d 859 (Minn. 1986). *Moylan* requires a two-part analysis. First, the court must consider the four factors listed in the statute to determine whether they, "alone or in combination, create a substantial change in circumstances warranting a modification of child support * * *." *Moylan,* 384 N.W.2d at 864.

■ In the present case, the court satisfied this first step by finding that the original order had become unreasonable and unfair due to the combination of the increase in appellant's earnings from $435 to $900 and the increase in respondent's needs from $438 to $2000. Although appellant argues that the corresponding increase in respondent's income from $327 to $1140 offsets her increased needs, a fact bearing on the determination whether the prior support award was unfair, we conclude there is no clear error in a finding that modification is warranted. The trial court's determination on this issue was not an abuse of discretion.

■ 2. Once the trial court finds that a modification is warranted, it must then consider and make express findings on all of the appropriate statutory factors to determine the amount of the modification. *Id.*

at 864–65.[1] *See* Minn.Stat. § 518.17, subd. 4 (1984). The findings are inadequate if the record "fails to reveal that the trial court actually considered the appropriate factors." *Moylan,* 384 N.W.2d at 865.

■ The trial court here made adequate findings on respondent's resources and needs and on appellant's financial resources. *See* Minn.Stat. § 518.17, subd. 4. However, the court did not separately consider or make findings on the needs of the parties' child. Nor did the court consider the financial circumstances of respondent's spouse, other than to state that he is "gainfully employed." Finally, the trial court made no findings on appellant's reasonable expenses. Under *Moylan,* the case must be remanded to the trial court for reconsideration and express findings on these factors. *Moylan,* 384 N.W.2d at 865.

■ 3. Both parties contend the trial court erred in determining appellant's net monthly income. The trial court's finding will only be reversed if it is clearly erroneous. *See* Minn.R.Civ.P. 52.01. Appellant began a drywall business in 1981 and has been self-employed in that business since that time. His net income increased steadily from 1981 through 1984. His net monthly income in 1984 was $1200. His pre-tax income for the first seven months of 1985, however, was only $3241. This was at least partially due to a five-week illness during which he was unable to work. The trial court considered appellant's income tax returns for 1981 through 1984, his income statement for 1985, and his "income generating capabilities," and the court concluded that appellant's current net monthly income is $900. The trial court may properly consider earning capacity and earnings history to determine a party's ability to comply with a child support order. *Fergu-*

son v. Ferguson, 357 N.W.2d 104, 108 (Minn.Ct.App.1984). Given the evident difficulty in determining the net income of self-employed persons, this finding is not clearly erroneous. *See id.*

■ 4. The trial court properly found that the stipulation executed privately between the parties was invalid. The Minnesota Supreme Court has held:

[A] judgment of divorce providing for support payments in the future is a final judgment. This rule is subject to the right of a party to seek modification of the decree, but until such modification has been ordered, the decree is entitled to enforcement as originally entered.

*Dent v. Casaga,* 296 Minn. 292, 296, 208 N.W.2d 734, 737 (1973). Moreover, because child support requirements relate to nonbargainable interests of the children, they are less subject to restraint by stipulation than other elements of a dissolution settlement. *Moylan,* 384 N.W.2d at 865. The welfare of the child takes precedence even if the case involves a stipulation. *Id.* In light of *Dent* and *Moylan,* the trial court properly refused to fully validate the stipulation.

■ 5. Appellant argues that the trial court abused its discretion in ordering biennial cost-of-living adjustments. Such adjustments are mandated by statute. *See* Minn.Stat. § 518.641, subd. 1 (1984). The statute gives the trial court the discretion to waive the requirement "if it expressly finds that the obligor's occupation or income, or both, does not provide for cost-of-living adjustment * * *." *Id.* The court declined to exercise its discretion to grant a waiver in this case and was therefore not required to issue any findings on the nature of appellant's occupation. The court acted properly.

1. *See Quaderer v. Forrest,* 387 N.W.2d 453, 459 (Minn.Ct.App.1986, Crippen, J., concurring specially). There are six statutory factors bearing on the determination of the amount of child support:

(i) The obligor's income, or "resources."
(ii) The obligor's needs.
(iii) The custodial parent's income, or "resources."

(iv) The custodial parent's needs.
(v) The child's needs, including special health and education needs, and keeping in mind a standard of living appropriate to the circumstances of the parents.
(vi) Resources of the child other than income or resources of parents.

*Id.*

6. Appellant contends he is entitled to attorney's fees. An award of attorney's fees rests almost entirely within the discretion of the trial court and will not be disturbed absent a clear abuse of that discretion. Minn.Stat. § 518.14 (1984); *Winter v. Winter,* 375 N.W.2d 76, 80–81 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. Dec. 30, 1985). There is no evidence here that the trial court abused its discretion in this case. Neither party presented evidence of an inability to pay fees. Moreover, respondent brought her motion against appellant at least in part to enforce a prior order against him; she will not be required to pay for appellant's defense of his failure to comply with the court's order.

### DECISION

The trial court did not abuse its discretion by finding there had been a substantial change in circumstances that justified a modification of appellant's child support obligation. In light of *Moylan,* however, the case is remanded for more adequate findings on the needs of the parties' child, on the financial circumstances of respondent's spouse, and on appellant's needs. The trial court did not clearly err in determining appellant's income and properly refused to validate the stipulation that had not been judicially approved. The trial court did not abuse its discretion in ordering biennial cost-of-living adjustments and denying attorney's fees.

Affirmed in part and remanded for further findings.