**In re the Marriage of Denise Mary OLSON, petitioner, Appellant,**

v.

**Allan Wayne OLSON, Respondent.**

**No. C4–86–1472.**

Court of Appeals of Minnesota.

Jan. 27, 1987.

Mary Catherine Lauhead, St. Paul, for appellant.

Allen H. Aaron, Phillips, Gross & Aaron, P.A., Minneapolis, for respondent.

Heard, considered and decided by POPOVICH, C.J., and PARKER and LESLIE, JJ.

## OPINION

LESLIE, Judge.

Appellant moved the district court for modification of support payments due to changed circumstances. The family court ordered modification of support in accordance with the statutory guidelines. Respondent's motion for vacation of this order was granted and this appeal followed. Because the reviewing judge failed to make proper findings, we reverse and remand for additional findings.

## FACTS

The marriage of Denise and Allan Olson was dissolved in 1983. Pursuant to the parties' stipulation, the judgment and decree awarded Denise custody of the parties' two minor children, ages ten and seven. The decree ordered Allan to pay child support in the amount of $175 per month per child until emancipation of the children. In May of 1985 the child support obligation increased to $367.50 by operation of the cost of living increase mandated by Minn.

Stat. § 518.641, subd. 1 (1986) and the terms of the original decree.

Denise applied to the family court for modification of the support payments due to changed circumstances of the parties. She claimed that because her expenses, the children's expenses and Allan's income had all risen, the support payment should be increased. Because the change in circumstances met the conditions for support modification under Minn.Stat. § 518.64, subd. 2 (1986), the referee, in a detailed 7 page order applied the statutory guidelines to increase the monthly child support to $447. The family court referee found that there had been a substantial increase in Allan's income and a substantial increase in the needs of Denise and the children. These substantial changes, in the opinion of the referee, made the terms of the original child support order unfair and unreasonable. The referee's order was adopted and signed by the judge assigned to the matter.

Allan appealed this order to the district court, in accordance with Minn.R.Civ.P. 53.-05(2). A second judge considered the matter and reversed the decision made by the referee. In a three page memorandum and order the judge vacated the increase in support payments. The judge did state that the increase in Allan's income was not substantial, but did not make any findings regarding the increased needs of Denise or the children.

Denise appeals from the order vacating the increase in support. She claims the trial court's failure to make findings regarding her needs and the needs of the children was error. We agree and remand for further findings.

### ISSUE

Did the trial court make sufficient findings to vacate an order modifying child support?

### ANALYSIS

Minn.Stat. § 484.64 subd. 3 (1986) authorizes the use of referees to assist judges in Ramsey County. Minn.R.Civ.P. 53.05(2) provides for appellate review of a referee's order by a district court judge. The supreme court addressed the powers and duties of a district judge on review in *Peterson v. Peterson,* 308 Minn. 297, 304, 242 N.W.2d 88, 93 (1976):

> [A]ll recommended findings and orders of a family court referee in custody matters are advisory only and possess no more than prima facie validity. The family court judge has the duty and retains the ultimate responsibility to make an informed and independent decision on the custody motion. Consistent with such duty and responsibility, the family court judge has * * * full authority to adopt the referee's recommended findings and order, modify them, reject them in whole or in part, recommit to the referee with instructions, or receive further evidence.

*Peterson* was extended to family court matters other than custody in *Berg v. Berg,* 309 Minn. 281, 285, 244 N.W.2d 149, 151 (1976).

This court's scope of review, however, is rather narrow. The decision to modify a child support order lies in the broad and sound discretion of the trial court, and an appellate court will reverse for an abuse of that discretion only where it finds a "clearly erroneous conclusion that is against logic and the facts on record." *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984).

Denise claims the trial court's failure to make certain statutory findings requires a remand. The trial court must make specific findings regarding the factors which the legislature required to be considered when modifying child support awards. *Moylan v. Moylan,* 384 N.W.2d 859, 865 (Minn.1986). Findings are required to demonstrate that the trial court actually took all relevant factors into consideration. *Erickson v. Erickson,* 385 N.W.2d 301, 303 (Minn.1986). A district court on review must also make written findings and conclusions of law which constitute the grounds for decision in family court matters. *Peterson v. Peterson,* 308 Minn. 297, 307, 242 N.W.2d 88, 94 (1976).

In *Peterson*, the supreme court considered a district court's appellate review of a referee's order changing custody. The court explained why a district court acting in an appellate capacity must make detailed findings:

> Effective appellate review of [the] conflicting versions of facts can no more be assured without findings by the family court judge than the latter can discharge his ultimate and informed decision-making responsibility without recommended findings by the referee. Finally, it would be difficult if not impossible for this court to correctly apply the clearly erroneous standard in reviewing an order with respect to custody without findings constituting the basis for the order.

*Id.* at 307–08, 242 N.W.2d at 95.

■ To obtain a modification of child support, the custodial parent must first show that one or more of the statutory changes exist. *Price v. Price*, 390 N.W.2d 483, 485 (Minn.Ct.App.1986). If this element is met, the party must then show that the change makes the original support order unreasonable and unfair. *Id.* The modification statute reads:

> The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.-72 to 256.87; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair. * * * On a motion for modification of support, the court shall take into consideration the needs of the children * * *.

Minn.Stat. § 518.64, subd. 2 (1986).

If the required two step showing is made by the custodial parent, the trial court must consider several statutory factors to determine what modification of the support award should be made. *Moylan v. Moylan*, 384 N.W.2d 859, 864–65 (Minn.1986). Pursuant to *Moylan*, this court has enu-

merated six statutory factors bearing on the determination of the amount of child support:

(i) The obligor's income, or "resources."

(ii) The obligor's needs.

(iii) The custodial parent's income, or "resources."

(iv) The custodial parent's needs.

(v) The child's needs, including special health and education needs, and keeping in mind a standard of living appropriate to the circumstances of the parents.

(vi) Resources of the child other than income or resources of parents.

*LeTendre v. LeTendre*, 388 N.W.2d 412, 416, n. 1 (Minn.Ct.App.1986).

In the present case, the referee found that Denise had established a substantial increase in her needs, the children's needs and Allan's income. These substantial changes, according to the referee, made the original support order unreasonable and unfair. The referee made several additional findings regarding the needs and income of the parties and the children, and ordered an increase in the support payments.

■ The reviewing court found that the increase of Allan's income was not substantial. For this reason the court vacated the increase in support. The court, however, failed to make any finding regarding the increased needs of Denise and the children. Furthermore, the reviewing court failed to adopt or approve of any part of the referee's factual findings in its order. Had the court done so, this would have been sufficient to comply with the requirements of *Moylan*. *See Gustafson v. Gustafson*, 396 N.W.2d 911 (Minn.Ct.App.1986) (Trial court did not err by adopting referee's findings.)

■ The referee had found that Denise's and the children's needs had substantially increased. These facts alone could be sufficient grounds to find that the terms of the original decree were unfair. *See* Minn. Stat. § 518.64, subd. 2 (1986). Because the reviewing court made no finding regarding Denise's or the children's increased needs,

we are unable to tell if it took these factors into consideration.

Allan contends *Moylan* does not require the trial court to make extensive findings when the court declines to modify child support, and that the record in this case supports the reviewing court's decision. The reviewing court never reached the question of what amount to set support at because it found there was an insufficient change of circumstances to warrant modification. Allan contends *Moylan* requires findings only when the court must decide what amount of child support to award. This is the only time when the court must consider the six statutory factors enumerated in *Letendre*, 388 N.W.2d at 412. *See Moylan*, 384 N.W.2d at 864–65.

It is true that *Moylan* held that "the trial court must make specific findings of fact as to the factors it considered *in formulating the award."* *Moylan*, 384 N.W.2d at 863 (emphasis added). However, to take a narrow and literal reading of the *Moylan* holding and state that findings are unnecessary if a court wishes to refuse modification of support, would be error. The analysis of the *Moylan* court applies here:

> While the record may support a trial court's decision, it is nevertheless inadequate if that record fails to reveal that the trial court actually considered the appropriate factors. While we would agree that there are occasions where an appellate court can find support for a trial court's decision by an independent review of the record, * * * such action is improper where, as here, it is unclear whether the trial court considered factors expressly mandated by the legislature.

*Id.* at 865.

The legislature has expressly mandated that courts consider the increased needs of a party and the children in determining whether the terms of the original decree are unreasonable and unfair. *See* Minn. Stat. § 518.64, subd. 2 (1986). We hold that on the facts of this case it is impossible to conduct meaningful review of the trial court's determinations without specific findings. Without these findings it is unclear whether the trial court considered factors expressly mandated by the legislature. The reviewing court failed to make findings regarding increased needs of Denise and the children. These facts were specifically found by the referee, and may be factors sufficient to support a finding that the terms of the original decree were unfair. Because appropriate findings are necessary to determine if the trial court considered the statutory factors, we remand for additional findings.

### DECISION

Because it is unclear whether the trial court considered the appropriate statutory factors, we reverse and remand the case to the trial court for reconsideration and express findings on the factors listed in Minn. Stat. § 518.64 (1986).

Reversed and remanded.