**In re the Marriage of Samuel David MILKE, Petitioner, Appellant,**

v.

**Debra Ann (Milke) MAMER, Respondent.**

No. C4–86–1858.

Court of Appeals of Minnesota.

May 12, 1987.

Gary ReMine, Rossi, ReMine & Pegg, Owatonna, for appellant.

Steven H. Alpert, Rice Co. Atty., William B. Jacobson, Asst. Co. Atty., Faribault, for respondent.

Considered and decided by PARKER, P.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## MEMORANDUM OPINION

LANSING, Judge.

This is an appeal from the trial court's denial of appellant's motion to reduce child support and forgive arrearages. The trial court denied the motion without making findings. We remand for necessary findings on statutory factors.

## FACTS

Samuel David Milke and Debra Ann Milke Mamer dissolved their marriage on August 5, 1983. Mamer received custody of the parties' two children and Milke was ordered to pay $350 per month child support. In April 1985 Rice County, on behalf of Mamer, moved for assessment of arrearages against Milke and for an income withholding order. After a series of hearings and several orders determining arrearages, the court, on June 10, 1986, entered an order setting cumulative arrearages at $4,391.60. Milke brought a motion for reduction of his child support obligation and forgiveness of arrearages on August 27, 1986. After a hearing, the trial court denied Milke's motion without findings.

## DECISION

The decision to grant or deny modification of a child support award is within the discretion of the trial court; however, the trial court must make findings to demonstrate that it considered legislatively required factors. *Moylan v. Moylan*, 384 N.W.2d 859 (Minn.1986). These findings are required even if the trial court denies a modification motion, *Olson v. Olson*, 399 N.W.2d 660, 664 (Minn.Ct.App.1987).

The order appealed from states:

Based upon the moving papers, the arguments of counsel and being fully informed, the complete file,

IT IS THE ORDER OF THIS COURT that Samuel David Milke's request to have the amount of child support he is required to pay reduced is in all respects denied.

IT IS SO ORDERED.

The trial court did not specify what factors it considered in reaching its conclusion. Without findings, we have no basis on which to review the order. Accordingly, we remand the case for appropriate findings. *See Erickson v. Erickson*, 385 N.W.2d 301 (Minn.1986); *see also Bledsoe v. Bledsoe*, 344 N.W.2d 892, 895 (Minn.Ct.App.1984) (arrearages reduced to judgment are res judicata).

Remanded.