**In Re the Marriage of Mary J. HEDBURG, petitioner, Respondent,**

v.

**David J. HEDBURG, Appellant.**

**No. C6–87–835.**

Court of Appeals of Minnesota.

Sept. 15, 1987.

Ronald G. Black, Elk River, for appellant.

Laurie Savran, Minneapolis, for respondent.

Heard, considered and decided by HUSPENI, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

LESLIE, Judge.

This appeal is from a denial of appellant's motion to modify child support as to past and future obligations. Appellant seeks to have his $245.00 per month child support obligation reduced to $10.00 per month due to his changed circumstances. Since the original award of support, appellant has been laid off from his job, terminated from his unemployment benefits, enrolled in a vocational training program and employed only part-time at minimum wage.

The referee and trial court made findings with respect to the changed circumstances of both parties and denied appellant's motion for forgiveness of arrearages and a reduction of his support obligation. We reverse and remand for findings on the question of appellant's bad faith.

## FACTS

David and Mary Hedburg were divorced pursuant to a June 22, 1982 decree. The trial court ordered David to pay child support for the parties' single minor child at the rate of $275.00 per month to be paid in equal semi-monthly installments. This support was commenced on May 5, 1982. The amount of support was to increase by $5.00 a month each year starting on January 1, 1983. At the time of dissolution David's net monthly income was approximately $1,488.00.

No transcript was supplied on appeal, but affidavits submitted by the parties, pursuant to David's motion to modify child support, establish that in June of 1986 David was laid off and began collecting unemployment compensation at a rate of $980.40 per month. In September of 1986 the parties agreed to amend several provisions of the original decree. On September 10, 1986 the parties signed a consent order. The order was approved, and the amended judgment was entered the following month on October 9, 1986. Among other provisions, the child support provisions were amended. Pursuant to the child support guidelines, David's child support obligation was reduced to $245.00 per month, 25% of his unemployment compensation. The child support obligation was to be adjusted to 25% of his net monthly income upon re-employment.

In his affidavit, and on appeal, David claims that throughout this period he applied for approximately 45 jobs in the Northwestern metro area with no success. With five weeks remaining on his unemployment, David contemplated entering vocational technical school to obtain necessary job skills. David claims he consulted with his former spouse Mary and obtained her approval for this course of action. On September 25, 1985 David entered Anoka Vocational Technical School for a course of study projected to last 18 continuous months, ending in March of 1988. The school has a 92% placement rate. The average salary for placed graduates is $1,495.00 per month.

After David entered school, his unemployment compensation, and child support payments, both ceased. David claims he was left without an income despite his efforts to obtain part-time employment. It was not until November 23, 1986 that he obtained and started part-time employment at $3.35 an hour. Pay stubs submitted to the trial court indicate that David then made approximately $300.00 net per month. During this period he was required to be at school from 6:30 a.m. to 1:30 p.m. every day.

Mary Hedburg indicates in her affidavit that David's enrollment in school has caused him to miss visitation. Mary claims that because of her work commitments she has had to spend money on a babysitter to cover those times David was supposed to be with the child.

On November 10, 1986 Mary injured her knee and was put on a restricted work schedule. A workers' compensation claim was filed. Mary claims her injury has reduced the number of hours she can work, and thus reduced her income. In fact, Mary claims to have expenses well in excess of her net monthly $949.00 income. In her affidavit, and on appeal, she indicates believing David could afford the $245.00 per month obligation they both had agreed to after "months of negotiations."

Appellant David Hedburg moved to have all arrearages of child support forgiven and have his current child support obligation reduced to 25% of his current net income per month pursuant to the applicable guidelines. This amounted to $10.00 per month. Respondent Mary Hedburg opposed the motion. Both parties submitted affidavits in support of their respective positions. The referee recommended denial of David's motion. The trial court then summarily adopted the findings and order of the referee.

In denying David's motion to modify child support the trial court made the following findings of fact:

1. That [appellant] seeks to have the child support terminated.

2. That [appellant] was laid off in June of 1986 and commenced receiving unemployment compensation.

3. That the parties entered into a stipulation whereby child support was reduced to $245.00 per month based on [appellant's] unemployment compensation.

4. That [appellant] had an opportunity to obtain employment for minimum wage, but decided to go to Vo-Tech for an 18–month program to obtain additional skills instead.

5. That [respondent] is in dire need of child support. She is currently able to work only part time due to an injury.

6. That [appellant] has currently obtained part time employment at minimum wage.

7. That [appellant] is married, and his wife has been providing for his support.

8. That [appellant] does have the capacity to earn child support in the amount currently ordered of $245.00 per month.

Based on these findings alone, the referee and trial court denied David's motion to forgive arrearages in child support and reduce his obligation to $10.00 per month. The trial court ordered David to pay $245.00 per month in child support and $1,030.00 of arrearages.

## ISSUE

Did the trial court properly deny appellant's motion to modify child support?

## ANALYSIS

Respondent Mary Hedburg indicates on appeal that "[t]his appeal is based mainly on a question of fact." Yet, a transcript was not supplied on appeal. Appellant David Hedburg bears the burden of providing an adequate record on appeal. *Mitterhauser v. Mitterhauser*, 399 N.W.2d 664, 667 (Minn.Ct.App.1987). Without a transcript, this court cannot review the sufficiency of the evidence on any of the alleged factual issues. *Id.*

■ Additionally, both David and Mary Hedburg make a variety of assertions and accusations not supported by the supplied trial court record. This court's record on appeal is limited to "the papers filed in the trial court, the exhibits, and the transcript * * *." Minn.R.Civ.App.P. 110.01. This court may not base its decision on matters outside this record on appeal. *Plowman v. Copeland, Buhl & Co.*, 261 N.W.2d 581, 583 (Minn.1977). Consequently, this court can not consider any matter referred to by the parties not included in the meager record before it.

■ The decision to modify a child support order lies within the broad discretion of the trial court. *LeTendre v. LeTendre*, 388 N.W.2d 412, 415 (Minn.Ct.App.1986). However, this discretion is limited by parameters set out by the legislature. The statute governing modification reads:

> The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.-72 to 256.87; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable or unfair.

Minn.Stat. § 518.64, subd. 2 (1986).

■ The trial court must make "specific findings as to the factors it considered." *Moylan v. Moylan*, 384 N.W.2d 859, 863 (Minn.1986). Specific findings are required even if the trial court denies a motion for modification. *Olson v. Olson*, 399 N.W.2d 660, 664 (Minn.Ct.App.1987). In *Olson* this court quoted the analysis of the *Moylan* court:

> While the record may support a trial court's decision, it is nevertheless inadequate if that record fails to reveal that the trial court considered the appropriate factors. While we would agree there are occasions where an appellate court can find support for a trial court's decision by an independent review of the record, * * * such action is improper where, as here, it is unclear whether the trial court considered factors expressly mandated by the legislature.

*Olson*, 399 N.W.2d at 664 (quoting *Moylan*, 384 N.W.2d at 865).

■ In this case, as in *Olson*, it is impossible to conduct meaningful review of the trial court's determinations without specific findings. Specifically, the trial court's finding with respect to the "increased or decreased earnings of a party" is inadequate. The trial court found that David "had an opportunity to obtain employment for minimum wage, but decided to attend a

Vo-Tech for an 18–month program to obtain additional skills [and] does have the earning capacity to earn child support in the amount currently ordered of $245.00 per month."

As a guideline for support, earning capacity is not appropriate as a measure of income unless "(1) it is impracticable to determine an obligator's actual income or (2) the obligor's actual income is unjustifiably self-limited." *Beede v. Law,* 400 N.W.2d 831, 835 (Minn.Ct.App.1987). There is clear evidence as to David's actual income. In fact, it is clear that this income is inadequate to support the ordered child support payments. The alternative basis for denying appellant's motion, earning capacity, can only be considered if David has "unjustifiedly self-limited" his income.

The trial court found David could have accepted a job for minimum wage in lieu of school, but did not. It is clear that David has voluntarily self-limited his income. The question is whether he has "unjustifiably" done so. In such a case the test is whether David has acted in good faith. *Giesner v. Giesner,* 319 N.W.2d 718, 720 (Minn.1982). If David's choice was made in good faith "the child and separated spouse should share in the hardship as they would have had the family remained together. The same is true as to benefits." *Id.*

■ The trial court made no finding as to why David self-limited his income. No finding was made as to whether David acted in good or bad faith. Consequently, it is necessary to reverse and remand for further findings on the issue of whether appellant David Hedburg acted in bad faith to unjustifiably self-limit his income.

### DECISION

We reverse and remand to the trial court for findings as to whether appellant acted in bad faith when he chose to attend a vocational technical school in lieu of accepting a full-time job at a minimum wage.

Reversed and remanded.