SHERBURNE COUNTY SOCIAL
SERVICES on Behalf of Janel
L. SCHAFER, Respondent,

v.

Gregory J. RIEDLE, Appellant.

No. C8–91–1036.

Court of Appeals of Minnesota.

Feb. 18, 1992.

Thomas D. Hayes, Sherburne County
Atty., Kathleen A. Heaney, Asst. County
Atty., Elk River, for respondent.

Edward Pardee, White Bear Lake, Sharon L. Buffington, Stillwater, for appellant.

Considered and decided by AMUNDSON,
P.J., and FORSBERG and KALITOWSKI,
JJ.

## OPINION

FORSBERG, Judge.

Gregory J. Riedle appeals from an order
determining his child support obligations.
We hold that periodic annuity payments
from a structured settlement for a tort
action were properly included as income
when the trial court calculated Riedle's
support obligation. Because the support
award deviates upward from the guidelines
and there are no findings to support the
departure, we reverse and remand the support award.

## FACTS

Sherburne County brought an action in December 1990 to adjudicate paternity and establish child support. Riedle acknowledged paternity. The child receives public assistance.

Previously, Riedle had sued a third party for sexual abuse that occurred when he was a child. Following successful litigation of his lawsuit, Riedle accepted a structured settlement to be paid through an annuity over a period of years. The settlement provides for monthly payments and also what it refers to as lump-sum payments every three years. Riedle currently has no other source of income. The trial court determined both the monthly payments and the payments made every three years were income and ordered 25% of each payment to be withheld for child support.

## ISSUES

I. Are annuity payments from a structured settlement income for purposes of determining a person's child support obligation?

II. Did the trial court err in setting the amount of child support?

## ANALYSIS

### I.

■ Whether a source of funds is income for purposes of determining a person's child support obligation is a question of law. *Watson v. Watson,* 379 N.W.2d 588, 590 (Minn.App.1985). When reviewing questions of law, this court need not defer to the trial court. *Id.*

■ Income for child support purposes is defined in Minn.Stat. § 518.54, subd. 6 (1990):

> "Income" means any form of periodic payment to an individual including, but not limited to, wages, salaries, payments to an independent contractor, workers' compensation, unemployment compensation, annuity, military and naval retirement, pension and disability payments. Benefits received under sections 256.72

to 256.87 and chapter 256D are not income under this section.

This definition of income is broad and explicitly includes payments from an annuity. In the absence of any legislative intent to limit the definition, this court must conclude the legislature intended to include any periodic payments from an annuity, regardless of the annuity's source.

Here, both the monthly payments and the payments made every three years are periodic and reliable sources of income for Riedle. We hold the payments are income pursuant to Minn.Stat. § 518.54, subd. 6. This holding is consistent with the trial court's responsibility to consider the standard of living the child would have enjoyed had his parents been married. *See State v. Hall,* 418 N.W.2d 187, 189 (Minn.App.1988) (quoting *Thompson v. Newman,* 383 N.W.2d 713, 716 (Minn.App.1986), *pet. for rev. denied* (Minn. May 4, 1988)). Here, if the child's parents were married, he would likely benefit from Riedle's tort settlement. *See Herrley v. Herrley,* 452 N.W.2d 711, 714 (Minn.App.1990).

### II.

■ The trial court has broad discretion to set child support, and this court will find an abuse of that discretion only where it finds a "clearly erroneous conclusion that is against logic and the facts on the record." *Moylan v. Moylan,* 384 N.W.2d 859, 864 (Minn.1986) (quoting *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984)). In public assistance cases, the trial court need not make findings as to the basis for a child support award if the award is set pursuant to the guidelines. *Id.* at 863.

■ Under the guidelines, the maximum monthly child support payment in this case is $1,000. Minn.Stat. § 518.551, subd. 5(a) (1990). The payments the trial court ordered Riedle to make every three years exceed $1,000 in a single month and are, therefore, an upward departure from the guidelines. Because the payments Riedle receives every three years represent income for a three-year period, the trial court should have allocated the child support payments over the same time period. *See*

*Lenz v. Wergin,* 408 N.W.2d 873, 877 (Minn.App.1987).

 Even allocating the payments made every three years over a three-year period, the trial court order still results in monthly child support payments greater than $1,000 beginning in 2008. The trial court may not deviate from the guidelines unless it makes express findings on the reasons for departure, based on the factors listed in Minn. Stat. § 518.551, subd. 5(b). We note that an obligor's high income alone will not support an upward departure from the guidelines. *See Hall,* 418 N.W.2d at 190.

## DECISION

The trial court properly included Riedle's annuity payments as income when calculating his child support obligation. We reverse and remand the child support award for entry of an award pursuant to the guidelines or findings to support a departure.

Affirmed in part, reversed in part and remanded.