MOWER COUNTY HUMAN SERVICES, on Behalf of Tina M. MEYER, Respondents,

v.

Nicholas R. HUEMAN, Appellant.

No. C3–95–1664.

Court of Appeals of Minnesota.

Feb. 20, 1996.

Patrick A. Oman, Mower County Attorney, Robert Auron, Assistant County Attorney, Austin, for Respondents.

Rebecca H. Frederick, Edina, for Appellant.

Considered and decided by TOUSSAINT, C.J., and KLAPHAKE and AMUNDSON, JJ.

## OPINION

KLAPHAKE, Judge

Appellant Nicholas Hueman challenges an order modifying his child support obligation, claiming periodic annuity payments he receives may not be prorated in calculating monthly income for child support and are not subject to a cost-of-living adjustment under Minn.Stat. § 518.641 (1994). We affirm as modified.

## FACTS

Respondent Tina Meyer and appellant Nicholas Hueman are the parents of D.M., born April 19, 1991. The parties cohabitated for a time but never married. When they separated in 1992, Meyer moved to have Hueman adjudicated D.M.'s father and to establish child support. Hueman did not contest paternity, and the trial court awarded joint legal custody of D.M. to the parties with sole physical custody in Meyer. The court initially set Hueman's child support at $330 per month, but in 1993 modified that amount to $100 per month because of a substantial decrease in his income.

In April 1995, Hueman again moved to modify child support because he was then unemployed. He sought to reserve child support until July 1, 1995, at which time he would pay $312.50 per month based upon his anticipated receipt of monthly annuity payments. He also agreed to pay $1,250 in July 1995, 2000, and 2005, months in which he would receive additional large annuity payments.

Hueman held two annuity contracts in conjunction with a settlement resulting from a personal injury he received when he was a minor. Under the first contract he was to receive $1,250 monthly from July 1995 until July 2023. Under the second contract he was to receive periodic lump sum payments every five years:

| | |
|---|---|
| $90,000 | July 15, 1988 |
| $20,000 | July 15, 1995 |
| $25,000 | July 15, 2000 |
| $30,000 | July 15, 2005 |

According to a previous court finding, Hueman "squandered" the first periodic payment of $90,000. Hueman is also scheduled to receive $775,000 in further periodic payments after D.M.'s emancipation.

In calculating Hueman's income for purposes of the modification motion, the trial court treated the July 1995 payment of $20,000 as income. To calculate Hueman's total monthly income, the court prorated the $20,000 over five years, and added that amount to the $1,250 monthly annuity payment, for a total of $1,583 per month beginning in July 1995. Based on this calculation, the court

modified child support to $395.75 per month. Hueman appeals, challenging the trial court's proration of the $20,000 and its application of a cost-of-living adjustment to the child support award.

## ISSUES

I. Did the trial court err in treating Hueman's $20,000 annuity payment as income and prorating it in the child support calculation?

II. Are the trial court's findings sufficient to support its child support award?

III. Did the trial court abuse its discretion by applying a cost-of-living adjustment to the amount of child support when that amount was derived solely from fixed annuity payments?

## ANALYSIS

### I.

■ "Income," for purposes of establishing child support, is:

[A]ny form of periodic payment to an individual including, but not limited to, wages, salaries, payments to an independent contractor, workers' compensation, reemployment insurance, *annuity*, military and naval retirement, pension and disability payments.

Minn.Stat. § 518.54, subd. 6 (1994) (emphasis added). Periodic annuity payments received by a parent from settlement of a tort action are income for purposes of establishing child support. *Sherburne County Social Servs. v. Riedle*, 481 N.W.2d 111, 112 (Minn.App.1992) (structured tort settlement treated as income). In *Riedle*, the parent received monthly annuity payments, as well as periodic lump sum payments. This court included both payments as income in setting child support, stating:

This [statutory] definition of income is broad and explicitly includes payments from an annuity. In the absence of any legislative intent to limit the definition, this court must conclude the legislature intended to include any periodic payments from an annuity, regardless of the annuity's source.

*Id.* Similarly, Hueman's annuity payments were paid regularly every five years in a predetermined amount. Therefore, they were a "reliable source of income" and constituted income properly included in the calculation of child support. *Id.*

■ Hueman claims that the trial court erred in prorating the payments over the five-year period between payments, rather than including them as income only in the month they were actually received. *Riedle* also provides guidance on this point. There, the trial court's calculation included the lump sum payments as income only in the months they were received. *Id.* This court rejected that method and stated:

Because the payments Riedle receives every three years represent income for a three-year period, the trial court should have allocated the child support payments over the same time period.

*Id.* (citation omitted). Here, following *Riedle*, the trial court allocated the payments over the five-year period. Although Hueman argues this allocation is contrary to the intent of the child support guidelines, Minn. Stat. § 518.551 (1994), neither the statute nor the case law supports this claim.

Hueman also argues that only he should benefit from the annuity payments because they are for an injury he received as a child. If D.M. lived with Hueman, however, he would likely enjoy the standard of living his father had achieved, including funds from the tort settlement. *See Riedle*, 481 N.W.2d at 112. We find no error in the trial court's calculation of Hueman's income for the purpose of modifying child support. *See Watson v. Watson*, 379 N.W.2d 588, 590 (Minn.App. 1985) (whether fund constitutes income is question of law to which appellate court gives no deference).

### II.

■ Hueman further claims that the trial court's findings are inadequate to support its child support award. Contrary to this assertion, the trial court made specific findings on Hueman's income and unemployed status and stated that it "considered each of the factors set out in Minn.Stat. 518.551, subd.

5(a)–5(h)." It also explicitly considered the *Riedle* case and a previous trial court's finding that Hueman had "squandered" his first $90,000 annuity payment. Under current law, if a trial court sets child support at the guidelines amount, it must make findings only on the obligor's income and other "significant evidentiary factors affecting" the support determination. Minn.Stat. § 518.551, subd. 5(i) (1994). Under these circumstances, the trial court's findings meet the statutory requirements and are sufficient to support the child support award.

## III.

■ Child support orders must include a biennial cost-of-living adjustment (COLA). Minn.Stat. § 518.641, subd. 1 (1994); *see Wibbens v. Wibbens,* 379 N.W.2d 225, 227 (Minn.App.1985) (statutory requirement is mandatory). The court may waive the requirement "if it expressly finds that the obligor's occupation or income, or both, does not provide for cost-of-living adjustment * * *." Minn.Stat. § 518.641, subd. 1 (1994).[1] Here, the trial court imposed a COLA although Hueman and respondent Mower County agree that Hueman's total income is derived solely from annuities which, by definition, are not subject to COLA. Hueman argues that the trial court "erred" by not waiving the COLA requirement. Mower County contends that waiver of the COLA requirement is discretionary under the statute, and the court had no duty to exercise its discretion.

We agree that the court's decision is discretionary. *See* Minn.Stat. § 518.641, subd. 1 (1994) (trial court "may" waive COLA requirement); *LeTendre v. LeTendre,* 388 N.W.2d 412, 416 (Minn.App.1986) (waiver of COLA is discretionary). We conclude, however, that the court abused its discretion by declining to waive the COLA requirement in this case. It is undisputed that the annuities, Hueman's only present source of income, do not provide for a COLA. On these clear facts, the trial court's refusal to waive the COLA requirement was an abuse of discretion. Accordingly, we delete the court-ordered COLA.

## DECISION

The trial court did not err in prorating Hueman's periodic annuity payments over a five-year period in calculating his income to determine child support. The court made sufficient findings to support the amount of child support ordered. The court abused its discretion in applying a cost-of-living adjustment to the child support award when the award was based on income derived solely from fixed annuity payments.

**Affirmed as modified.**

---

1. We reject Hueman's argument that the trial court erred by declining to make findings in requiring the COLA. No findings are required if the trial court orders the COLA; findings are required only if the trial court waives the COLA. *Compare LeTendre v. LeTendre,* 388 N.W.2d 412, 416 (Minn.App.1986) (no findings required to support court decision to order COLA) *with Wibbens,* 379 N.W.2d at 227 (trial court must make findings supporting decision to omit COLA); *see* Minn.Stat. § 518.641, subd. 5 (1994) (on motion to enforce or modify child support, court may deny COLA request only after expressly finding that obligor's income or occupation does not support one).